## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br><br>v.<br><br>ARNALDO ANTONIO MEDRANO BONILLA,<br><br>*Defendant*. | Crim. Action No.: 3:20-cr-00083-PGS-1<br><br>**MEMORANDUM AND ORDER** |

Defendant Arnaldo Antonio Medrano Bonilla ("Defendant" or "Bonilla") brings this *pro se* motion for a sentence reduction under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 22). Defendant is presently incarcerated at FCI Allenwood Low and has less than two months remaining on his sentence. The Court heard oral argument on May 4, June 15, and July 28, 2021. For the reasons that follow, Defendant's motion is granted.

### BACKGROUND

Defendant pleaded guilty to passport fraud (Count One) and aggravated identity theft (Count Two) on January 27, 2020. (Judgment 1, ECF No. 21; *see also* ECF Nos. 15, 16). On September 16, 2020, this Court sentenced Defendant to 8 months on Count One and 24 months on Count Two, for a total of 32 consecutive months. (Judgment at 2; *see also* ECF No. 20). Defendant currently resides at FCI Allenwood Low. (Pl.'s Post-Hearing Br. 1-2, ECF No. 31). His anticipated release date is September 24, 2021, and he is subject to an Immigration and Customs Enforcement detainer. (*Id.* at 13; PSR at 1).

1

On November 17, 2020, Defendant submitted a *pro se* motion for a sentence reduction under the First Step Act.[1] (Moving Br., ECF No. 22). While labeled a compassionate release request, his motion included numerous constitutional arguments and did not assert that he suffered from any health problems or particular risk of severe coronavirus illness. At a telephonic hearing on May 4, 2021, Defendant clarified that he was seeking compassionate release on the basis of several health conditions, and did not intend to pursue any constitutional claims. (*See* Tr. of May 4, 2021 Hearing 13:1-12, ECF No. 28; Pl.'s Post-Hearing Br. at 3). The Court requested additional briefing and evidentiary submissions regarding the new issues raised during the hearing. (*See* ECF No. 25).

During a second hearing on June 15, 2021, Defendant raised, for the first time, the fact that he had recently tested positive for tuberculosis in further support of his request for a sentence reduction. The Court permitted another round of briefing to give the government an opportunity to respond to this new information and obtain Defendant's medical records.

A review of Defendant's medical records reveals that he has otitis externa (swimmer's ear), asthma, gastric reflux, prediabetes, and a potential latent tuberculosis infection. (Pl.'s Post-Hearing Br. Ex. A at 43, 55). Of those conditions, only moderate to severe asthma has been identified by the CDC as a risk factor for severe coronavirus illness – but Defendant's medical records do not indicate that his asthma is moderate or severe. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 30, 2021).

---

[1] The motion was filed under 18 U.S.C. § 3582(c)(1)(A), which is known as the compassionate release statute. However, Defendant does not use the phrase "compassionate release" or ask for immediate release in his motion.

In or around June 2021, Bonilla received a positive result from a PPD test[2] for tuberculosis. (Opp. Br. Ex. A at 7, ECF No. 31). According to notes from his BOP health services visit on June 7, 2021, Bonilla stated that he has always tested positive on PPD tests because he received the BCG vaccine.[3] (*Id.*). Further, at that time, he did not appear to have any symptoms of tuberculosis, and his chest x-ray was negative. (*Id.*). Nevertheless, BOP recommended tuberculosis treatment, which Bonilla declined because the treatment must be continuous for 7 months and he is scheduled to be released in September. (*Id.*; *see also id.* at 88). He expressed concern that his medication regiment might be interrupted during his release from BOP, which could require him to restart the treatment from the beginning. (*See id.*). During oral argument on July 28, 2021, Bonilla stated that he has seen spots of blood inside his mask from coughing; however, there is no evidence of this in his medical records, and Bonilla speculated it could be caused by his asthma.

## LEGAL PRINCIPLES

The First Step Act allows an inmate to directly move the court for compassionate release after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (codified as 18 U.S.C. § 3582(c)(1)(A)). Defendant has exhausted his administrative remedies because more than 30 days have passed since he submitted a written

---

[2] PPD (purified protein derivative) is a skin test for tuberculosis. *Tuberculosis (TB): Tuberculin Skin Testing Fact Sheet*, CDC, https://www.cdc.gov/tb/publications/factsheets/testing/skintesting.htm (last visited July 30, 2021).

[3] BCG (bacilli Calmette-Guerin) is a vaccine for tuberculosis that is often administered in countries with a high prevalence of the disease. BCG vaccination can cause a false-positive reaction to skin tests for tuberculosis. *Tuberculosis (TB): BCG Vaccine Fact Sheet*, CDC, https://www.cdc.gov/tb/publications/factsheets/prevention/bcg.htm (last visited July 30, 2021).

request for compassionate release to the warden of his current facility on May 19, 2021.  (Opp. Br. Ex. B, ECF No. 31).

After satisfying the exhaustion requirement, a request for compassionate release may be granted if the modification is justified by "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  According to the Sentencing Commission's policy statement, an inmate's medical condition, advanced age, family circumstances, or "other reasons" may be grounds to find that "extraordinary and compelling reasons" for compassionate release exist.  U.S. Sent'g Guidelines Manual (USSG) § 1B1.13 cmt. n.1(A)-(D) (U.S. Sent'g Comm'n 2018).

Courts have considered what "other reasons" are sufficient to warrant release under the "extraordinary and compelling" provision in light of the COVID-19 pandemic.  Courts have generally used the CDC's list of underlying medical conditions to determine which inmates are at increased risk of severe illness from the virus.  *See, e.g.*, *United States v. Henderson*, No. CR 15-0329 (ES), 2020 WL 5055081, at *4 (D.N.J. Aug. 26, 2020).  However, since the COVID-19 vaccine has become widely available in recent months, courts have held that an inmate who refuses the vaccine may not continue to argue for early release based on an underlying health condition that increases his risk for severe coronavirus illness.  *See, e.g.*, *United States v. Fitzpatrick*, No. CR 19-357, 2021 WL 2201683, at *4 (D.N.J. May 28, 2021); *United States v. Ortiz*, No. 5:18-CR-00264, 2021 WL 1422816, at *4 (E.D. Pa. Apr. 15, 2021).  As such, the prevailing view is that an inmate cannot establish an "extraordinary and compelling" reason for compassionate release on those grounds if he has refused vaccination without a medical reason. *See Ortiz*, 2021 WL 1422816, at *3-4 (collecting cases).

## ANALYSIS

Defendant has not demonstrated extraordinary or compelling reasons for compassionate release on the basis of COVID-19 because he was offered, and refused, the COVID-19 vaccine without pointing to any medical justification. (*See* Opp. Br. Ex. A at 88, ECF No. 31); *see also Ortiz*, 2021 WL 1422816, at *3-4. Like other courts that have considered this issue, this Court finds that Defendant is not entitled to early release based on a health condition that puts him at increased risk from COVID-19 when he has rejected a vaccine that would significantly decrease that risk. *See, e.g.*, *United States v. Fitzpatrick*, No. CR 19-357, 2021 WL 2201683, at *4 (D.N.J. May 28, 2021). Further, it is not clear that Defendant's medical conditions put him at increased risk for severe coronavirus illness in the first place.

Bonilla's other basis for early release is his tuberculosis. There is conflicting factual information in the record about this issue. First, although Bonilla tested positive for tuberculosis on a PPD test, the government points out that the test may have been a false positive due to Bonilla's BCG vaccination. However, the fact that BOP medical staff recommended tuberculosis treatment seems to suggest the likelihood of a real infection. Further, while Bonilla did not report any tuberculosis symptoms during his June 7, 2021 health services appointment, he stated on July 28, 2021 that he has seen spots of blood inside his mask from coughing – the cause of which is unknown. During oral argument, Bonilla stated that he wants to begin the recommended treatment for tuberculosis but declined to do so because the timing of his release date could disrupt his medication regiment.

Taken together, Bonilla's recommended tuberculosis treatment, the impracticality of beginning same during his remaining time in BOP custody, his fast-approaching release date,

5

and the fact that he will be subject to deportation after his release are sufficient reasons for this Court to grant his request for early release.

## ORDER

**THIS MATTER** having come before the Court on Defendant Arnaldo Antonio Medrano Bonilla's motion for a sentence reduction, (ECF No. 22); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons;

**IT IS** on this 16th day of August 2021,

**ORDERED** that Defendant's motion (ECF No. 22) is **granted**.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.